No. 12,556.

Lowe *v.* Ruh et al.
(10 P. [2d] 329)

Decided April 4, 1932.

Messrs. Quaintance & Quaintance, Mr. Alvin H. Pickens, Mr. Guy B. Ellermeier, Mr. M. C. Molholm, for plaintiff in error.

Mr. H. E. Keating, for defendants in error.

*En Banc.*

Mr. Justice Campbell delivered the opinion of the court.

In the month of September, 1918, Mary Margaret Lowe brought an action in the Denver district court against her husband Edward John Lowe for separate maintenance of herself and their minor child, Mary Margaret. The husband and wife were then living separate and apart, and the mother had the custody of the child. Upon issues joined a hearing was had before the court on the plaintiff's application for temporary support, and the defendant father, who appeared in the action, was ordered to pay alimony semimonthly in a fixed sum for their support. By mutual consent of the parties the child remained in the custody of the mother. Five years later and in 1923 the mother took the child to Sterling, Colorado, where they resided with the wife's parents until June, 1929, at which time the mother died. Following

her death Gustav and Mary Ruh, the parents of Mrs. Margaret Lowe, assumed control of the child Margaret. During the period between the beginning of the maintenance action and the death of the mother, a period of more than ten years, the defendant father was not in the state of Colorado but had gone to, and resided in, the state of Washington. Upon learning of his wife's death the father returned to Colorado and soon thereafter filed a petition in the Denver district court in the maintenance suit and, without notice to anyone, obtained therein an order giving him the custody of his child. Before this order was entered, and in the month of June, 1929, and after the mother's death, Gustav and Mary Ruh, the parents of Mrs. Lowe, made an application in the county court of Logan county and therein obtained a decree in adoption of the minor child. On the same day letters of guardianship of the child were issued by the county court of Logan county to David W. Morris as guardian of the estate of the minor. Such proceedings were based upon the petition of Gustav and Mary Ruh. No summons or notice of the adoption proceeding was served upon the father, Edward John Lowe. Thereafter the father caused a citation to be issued out of the district court of the City and County of Denver in the separate maintenance suit and caused the same to be served upon the respondents Gustav and Mary Ruh, David W. Morris and Mrs. David W. Morris to show cause, if any they had, why they should not comply with the previous order of the district court by which custody of the child was awarded to him, or, in the alternative, to surrender possession of the child to him. In response to this citation Gustav and Mary Ruh filed their answer therein which, among other things, contained the record of the adoption proceedings in the county court of Logan county and the award of the Denver district court made against the father for temporary support and the father's failure to comply therewith and his arrears in such payments amounting to over $5,000. Upon filing such records and documents in the mainte-

nance suit the respondents, the grandparents, asked to have the court's previous award of the custody of the child to the father set aside and for the dismissal of his application therefor. Thereupon the district court, upon showing made, vacated its previous order awarding the custody of the child to the father on the ground, among other things, that the order had been improvidently issued, and this order was followed by a dismissal of the father's petition.

Apparently this writ of error, prosecuted by the father, naming as defendants the parents of Mrs. Lowe, and, in addition, David W. Morris and his wife, was for the purpose of securing a review of the judgment and order of the district court which set aside the court's previous order awarding to the father the custody of his child and the order of dismissal of that application therefor. Though such was apparently the object plaintiff in error had in view, in the argument of his counsel here various rulings of the trial court are questioned which have no bearing on the ultimate question which he seeks to have determined.

There is no bill of exceptions in this record and none of the evidence and other proceedings in the trial court, which can only be preserved and brought to the attention of this court by a bill of exceptions, are now before us. Our decision, therefore, must be based upon matters which are contained in the record proper.

This record shows that in the maintenance action the district court in 1918 awarded to Mrs. Lowe, to be paid into the registry of the court for the maintenance and support of herself and minor child, the sum of $22.50 on the first and sixteenth of each month, and this order has not been modified or changed. For a short time the defendant made the required payments, but soon ceased to make any payments at all, and was, at the time of the hearing below, in arrears approximately in the sum of $5,700; that the husband has been absent from the state of Colorado for more than ten years, during which time

no payments on the maintenance order have been made by him, and he has made no offer or promise to pay these installments or satisfactorily explain his reason for non-payment. It seems that in August, 1923, the maintenance action was dismissed by the district court for a failure to prosecute. Thereafter, on August 2, 1929, the father filed a petition in the Denver district court to vacate the dismissal order which was entered in 1923 and asked to have the cause reinstated and therein he petitioned for the custody of his minor child, and upon the showing then made the trial court reinstated the action and awarded to him its custody. It does not appear in the record that any notice was served upon any one of the applications which the husband filed. Thereafter Gustav Ruh and his wife and Morris and his wife filed an answer to this petition of the father and upon hearing the district court set aside its former award of the custody of the child to the father and granted the father twenty days within which to file an amended petition, which he did, and upon hearing thereon the district court held that the temporary finding and judgment of the court in September, 1929, by which the custody of the minor child was awarded to the father, had been improvidently issued and entered by the court and without jurisdiction in the circumstances as shown by the record thereupon and set aside and held for naught this improvidently issued order. It may be that the court gave an additional reason, and it seems that such was the case, for setting aside the custody order on the ground that the court was without jurisdiction to do so. In view of the fact, as already stated, that there is no bill of exceptions in this case, we are restricted to a consideration of the record proper. No findings of fact by the trial court may be reviewed here at the instance of the plaintiff in error and the question for decision must be, and it is, restricted solely to the order of the court setting aside its previous award of the custody of the child to the father.

 As we read this record the husband's chief reli-

ance for reversal here is that the decree of adoption of the minor child by her maternal grandparents is void because there was no personal service of summons upon him, and no publication of summons upon him or otherwise was had. We do not, however, find it necessary to consider the objection to the decree of adoption. Even if it be entirely void for the reason urged by counsel, still we cannot, in the circumstances of this case, set aside the order of the district court vacating its previous order by which the custody of the child was awarded to the father. The trial court found as a fact that this order which it set aside, was improvidently made. The record discloses the fact that the court based its decision upon the ground that the husband had concealed from the court the fact that he was at the time of his application in default in the payments of alimony to the extent of about $5,700, which the court had ordered to be paid by the father for the support of his wife and child, and for that reason alone he had no standing in the court or any right to be heard in the application which he made for the custody of his minor child. In setting aside this improvidently issued order the court evidently made it, and properly so, because the husband had acted not only in defiance of the orders of the court requiring him to make semimonthly payments for the support of his wife and child, but he was also guilty of contempt of court for refusing, without any excuse, to pay the alimony, and had never made an application for a modification thereof. The court's decision, therefore, in setting aside its previous order awarding the custody of the child to the father is fully justified upon the grounds stated, wholly without reference to the validity or invalidity of the adoption decree. In so far as the contention of the father here is based upon or depends upon questions of fact, they are not subject to review for the reason already stated that there is no bill of exceptions.

In thus disposing of this controversy we do not find it necessary to determine the validity of the adop-

tion decree entered by the county court of Logan county. The procedure there followed was under chapter 120, C. L. 1921, page 1486, section 5512. By the provisions of section 5512 no notice in an adoption proceeding is required to be given to the living parent or parents who have abandoned the child. Whether that provision is valid, for the reasons stated, we do not determine. In 1 C. J., p. 1367, et seq., the subject of the adoption of children is treated at length. The author apparently deems the weight of authority is that a parent who has abandoned his child and left the state of his residence, is not entitled to notice of a petition filed in court for its adoption.

It is clear, we think, that upon the record now before us, the judgment of the district court must be, and it is, affirmed.

Mr. Justice Moore not participating.